```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                      JACKSON DIVISION
```

**UNITED STATES OF AMERICA**

**VS.**                                          CRIMINAL NO. 3:05-cr-29-WHB

**ADRIAN LOPEZ-VALENZUELA**

<u>**ORDER**</u>

This cause is before the Court on the Opinion and Order of the United States Court of Appeals for the Fifth Circuit, which found that Defendant's right to a speedy trial had been violated, and ordered this Court to dismiss the Indictment against Defendant in accordance with 18 U.S.C. § 3162(a)(2). <u>United States v. Lopez-Valenzuela</u>, No. 05-61130, WL 4418173 (5th Cir. Dec. 17, 2007). The subject Opinion and Order was entered on December 17, 2007, and the Mandate from the Fifth Circuit was issued on January 10, 2008.

Under 18 U.S.C. § 3162(a)(2):

> If a defendant is not brought to trial within the time limit required by section 3161(c) as extended by section 3161(h), the information or indictment shall be dismissed on motion of the defendant.... In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice.

The Fifth Circuit applies the same factors when determining whether an indictment should be dismissed with or without prejudice under the Speedy Trial Act. <u>See</u> <u>United States v. Blevin</u>, 142 F.3d 223, 225 (5th Cir. 1998).

In the case *sub judice* it appears that the reason for dismissal, that is the reason Defendant's speedy trial rights were violated, is attributable to the Government, which failed to timely bring Defendant to trial even though it knew that he had signed a Waiver of Appearance and Entry of Not Guilty Plea.  Additionally, the Court finds that the impact of reprosecution on Defendant would be harsh in that he has already served twenty seven months in prison for the charges in the Indictment.  For these reasons, the Court finds that the Indictment should be dismissed, with prejudice.

In accordance with the December 19, 2007, Opinion and Order of the United States Court of Appeals for the Fifth Circuit, and for the reasons stated above:

IT IS THEREFORE ORDERED that the Judgment entered by this Court on October 27, 2005 [Docket No. 21], is hereby vacated.

IT IS FURTHER ORDERED that this case is hereby dismissed, with prejudice, in accordance 18 U.S.C. § 3162(a)(2).  An Order of Dismissal shall be entered this day.

SO ORDERED this the 17th day of January, 2008.


                                        s/ William H. Barbour, Jr.
                                        UNITED STATES DISTRICT JUDGE